UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

M. CLAUDIA GAROFALO,          :

                                    :     CASE NO.:

          Plaintiff,        :

                                      :

vs.                              :     Judge:

                                    :

JAMES & RICHARD REALTY     :

HOLDINGS, L.L.C. and         :     Magistrate:

FRENCH MARKET PIZZA, INC.   :

                                    :

          Defendants.     :

-------------------------------------------------------x

## COMPLAINT

Plaintiff, M. CLAUDIA GAROFALO, by and through her undersigned counsel, hereby files this Complaint and sues JAMES & RICHARD REALTY HOLDINGS, L.L.C. and FRENCH MARKET PIZZA, INC. (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff, M. CLAUDIA GAROFALO, (hereinafter referred to as "MS. GAROFALO"), is a person of the age of majority and a citizen of the State of Louisiana.

5.      MS. GAROFALO resides in Orleans Parish on Adams Street, New Orleans, Louisiana 70118.

6.      MS. GAROFALO is a qualified individual with a disability under the ADA and the LCHR. MS. GAROFALO is a paraplegic due to a spinal cord injury.

7.      Due to her disability, MS. GAROFALO is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8.      Upon information and belief, JAMES & RICHARD REALTY HOLDINGS, L.L.C. a Louisiana limited liability company doing business in Orleans Parish, is an owner of the real properties and improvements which are the subject of this action, to wit: Louisiana Pizza Kitchen, 95 French Market Place, New Orleans, LA 70116.

9.      Upon information and belief, FRENCH MARKET PIZZA, INC., is a business corporation domiciled in Louisiana and doing business in Orleans Parish.

10.     Upon information and belief, FRENCH MARKET PIZZA, INC. is the owner and operator of Louisiana Pizza Kitchen, the business that operates at the Property.

11.     Upon information and belief, the Property is a restaurant.

12.     MS. GAROFALO has visited to the Property to dine.

13.     DEFENDANTS are obligated to comply with the ADA and the LCHR.

14.     All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

15.     MS. GAROFALO realleges and reavers Paragraphs 1 - 14 as if they were expressly restated herein.

16.     The Property is a place of public accommodation, subject to the ADA, generally located at: 95 French Market Place, New Orleans, LA 70116.

17.     Upon information and belief, MS. GAROFALO has visited the Property and desires to visit the Property again in the future.

18.     Upon information and belief, MS. GAROFALO'S most recent visit to the Property prior to filing this original Complaint was in September of 2024.

19.     During this visit, MS. GAROFALO was unable to enter the Property because there is a step up into the Property and no ramp.

20.     MS. GAROFALO spoke with restaurant hostess at the Property, who stated that there is no ramp at the property, but restaurant employees would be able to help a wheelchair user enter the Property.

21.     When MS. GAROFALO told the hostess that the Property is supposed to have a ramp, the hostess acknowledged that the owner is aware of the need for a ramp.

22.     MS. GAROFALO was unable to dine at the Property because there was no ramp to allow her entry. MS. GAROFALO did not wish to be lifted up into the Property by people she did not know and trust.

23.     MS. GAROFALO continues to desire to visit the Property but will continue to experience serious difficulty due to the lack of ramp at the Property, which is still the case.

24.     MS. GAROFALO lives within a close geographic proximity of the Property.

MS. GAROFALO'S house is less than seven miles from the Property.

25.     MS. GAROFALO plans on returning to the Property to dine.

26.     MS. GAROFALO intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subject of this action.

27.     Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. GAROFALO due to, but not limited to, the following violations which exist at the Property:

     I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

     A.     There is a step up at the entrance of the Property with no ramp or lift, which precludes a wheelchair from gaining entry;

     B.     Other mobility-related ADA barriers to be identified following a complete inspection.

28.     Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

29.     Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

30.     Upon information and belief, removal of the barriers to access located on the Property would provide MS. GAROFALO with an equal opportunity to participate in, or benefit

from, the goods, services, and accommodations which are offered to the general public at the Property.

31.    MS. GAROFALO has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. GAROFALO is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

32.    MS. GAROFALO repeats and realleges all preceding paragraphs in support of this claim.

33.    At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

34.    At all times relevant to this action, MS. GAROFALO has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

35.    At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

36.    The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public

accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

37. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

38. DEFENDANTS discriminated against MS. GAROFALO, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 27 of this Complaint.

39. MS. GAROFALO deems herself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

40. MS. GAROFALO is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. GAROFALO demands judgment against DEFENDANTS, and requests the following injunctive, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the

full extent required by Title III of the ADA and the LCHR;

C.       That this Court award damages to MS. GAROFALO pursuant to LA. REV. STAT.

ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation

of the LCHR;

D.       That this Court award reasonable attorneys' fees, costs (including expert fees), and

other expenses of suit, to MS. GAROFALO pursuant to the ADA and the LCHR;

and

E.       That this Court award such other and further relief as it deems necessary, just and

proper.


Respectfully Submitted,


**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
          gdereus@bizerlaw.com
          eva@bizerlaw.com